**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **LESLIE ROBERT BURK,** *Plaintiff,* | § § § § § § § § § § § | |
| **v.** | | **P:24-CV-00054-DC** |
| **LASALLE CORRECTIONS V, LLC,** **et al.,** *Defendants.* | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is U. S. Magistrate Judge David B. Fannin's Report and Recommendation (Doc. 98), concerning Defendants LaSalle Corrections V, LLC and Mrs. Padilla's Motion to Dismiss (Doc. 61). The R&R recommends that the motion to dismiss be granted and that Burk's claims against LaSalle, Padilla, and Warden Parker, LT. Castro, Lt. Herrera, Assistant Warden Ayala, 9 John Does, Assistant Warden Valdez, Billy McConnell, Michael K. Dean, Mrs. Sathoff, Elizabeth Javalera, Mrs. Penafiel, Lorena Quinones, Mrs. Penalosa, Hayden Saenz, Mrs. Muella, Mrs. Ramirez, Unnamed Director of Kitchen Operations, Lt. Sierra, Gang Intelligence – Castro, Sgt. Cervantes, Sgt. Rodreguez, Sgt. DeLara, and Captain Carreon (collectively "Individual Defendants") be dismissed with prejudice. It also recommends that this Court decline to exercise supplemental jurisdiction over any possible state-law claims and deny any request to amend the complaint.

Having reviewed the R&R, the objections, and the relevant portions of the record, the Court **OVERRULES** the objections and **ADOPTS** the R&R in full.

## I.     Discussion

A district court reviews *de novo* the portions of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Burk objects that (1) the R&R improperly referred to him as a pretrial detainee; (2) his claims arise under the Federal Tort Claims Act rather than 42 U.S.C. § 1983 or *Bivens*; and (3) his suit cannot be frivolous because another court previously "split" the case and transferred part of it to this Court. Courts "need not . . . conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Because Burk's objections are frivolous, the Court does not undertake *de novo* review.

In any event, the R&R correctly concludes that Burk's constitutional claims against LaSalle, Padilla, and the Individual Defendants should be dismissed. The Court addresses Burk's claims against Padilla and the Individual Defendants together because the same rationale applies to all of them as current and former LaSalle employees. Those claims are properly analyzed under *Bivens* and foreclosed by *Minneci v. Pollard*, 565 U.S. 118 (2012). And even if the Court construed Burk's allegations as attempting to proceed under the FTCA, the claims would still fail.

Burk's claims against LaSalle are independently barred by *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001). To the extent Burk asserts state-law claims, the Court declines to exercise supplemental jurisdiction. Finally, dismissal here is with prejudice and without leave to amend because Burk has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). And that case is frivolous.

## II.  Conclusion

Having reviewed the R&R, the objections, and the relevant portions of the record, the Court **OVERRULES** the objections and **ADOPTS** the R&R in full. The motion to dismiss is **GRANTED** and the claims against LaSalle, Padilla, and the Individual Defendants are **DISMISSED with prejudice**. Burk may not amend the complaint, and to the extent any state-law claims persist, the Court declines to exercise supplemental jurisdiction over them.

It is so **ORDERED**.

SIGNED this 26th day of February, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE